IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| JOSE LUIS ARREOLA, | ) | |
| | ) | |
| Plaintiff | ) | Civil Action File No. |
| vs. | ) | 1:19-cv-24624-MGC |
| | ) | |
| RECEIVABLE MANAGEMENT GROUP., INC., | ) | |
| and INTELLIRAD IMAGING, LLC | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT RECEIVABLE MANAGEMENT GROUP, INC.'S ANSWER**

COMES NOW, Receivable Management Group, Inc., ("RMG"), Defendant in the above-referenced action (hereinafter "Defendant"), and files this Answer in response to the Plaintiff's Complaint as follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim against RMG upon which relief may be granted.

**SECOND DEFENSE**

Any act or omission by RMG, if determined to be in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and/or the Florida Consumer Collection Practices Act ("FCCPA"), §559.55 *et seq*., was not intentional and was the result of a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. Accordingly, RMG would have no liability pursuant to 15 U.S.C. § 1692k(c).

**THIRD DEFENSE**

Plaintiff has not been damaged; therefore, Plaintiff may not recover against RMG.

Subject to the foregoing defenses and without waiving same, Defendant responds to the individually numbered paragraphs of Plaintiff's complaint as follows:

## JURISDICTION AND VENUE

1. The statements contained in Paragraph 1 of the Plaintiff's relate to a legal conclusion to which RMG is under no known obligation to respond. To the extent that any response is required; denied.

2. The statements contained in Paragraph 2 of the Plaintiff's relate to a legal conclusion to which RMG is under no known obligation to respond. To the extent that any response is required; denied.

3. The statements contained in Paragraph 3 of the Plaintiff's relate to a legal conclusion to which RMG is under no known obligation to respond. To the extent that any response is required; denied.

## PARTIES

4. RMG admits that Plaintiff is a natural person. RMG lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 4 of the Plaintiff's Complaint.

5. RMG admits the allegations contained in Paragraph 5 of the Plaintiff's Complaint.

6. RMG admits it uses the telephone and mail in the business of collecting unpaid accounts. RMG lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 6 of the Plaintiff's Complaint.

7. The statements contained in Paragraph 7 of the Plaintiff's Complaint relate to a legal conclusion to which RMG is under no known obligation to respond. To the extent that any response is required; denied.

8. RMG lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 of the Plaintiff's Complaint.

9. RMG lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9 of the Plaintiff's Complaint.

## DEMAND FOR JURY TRIAL

10. Defendant denies, to the extent it can, the allegations contained in Paragraph 10 of the Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

11. RMG lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11 of the Plaintiff's Complaint.

12. RMG lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12 of the Plaintiff's Complaint.

13. RMG lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 13 of the Plaintiff's Complaint.

14. RMG lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14 of the Plaintiff's Complaint.

15. RMG lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15 of the Plaintiff's Complaint.

16. RMG admits attempting to collect an unpaid account owed by Plaintiff. RMG lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16 of the Plaintiff's Complaint.

17. The statements contained in Paragraph 17 of the Plaintiff's Complaint relate to a legal conclusion to which RMG is under no known obligation to respond. To the extent that any response is required; denied.

18. The statements contained in Paragraph 18 of the Plaintiff's Complaint relate to a legal conclusion to which RMG is under no known obligation to respond. To the extent that any response is required; denied.

19. The statements contained in Paragraph 3 of the Plaintiff's Complaint relate to a legal conclusion to which RMG is under no known obligation to respond. To the extent that any response is required; denied.

20. RMG admits the allegations contained in Paragraph 20 of the Plaintiff's Complaint.

21. RMG admits the allegations contained in Paragraph 21 of the Plaintiff's Complaint.

22. RMG lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 22 of the Plaintiff's Complaint.

23. RMG lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 23 of the Plaintiff's Complaint.

24. RMG admits sending Plaintiff written correspondence dated February 12, 2019 regarding Plaintiff's unpaid account. The remaining statement contained in Paragraph 24 of the Plaintiff's Complaint relate to a legal conclusion to which RMG is under no known obligations to respond. To the extent that any response is required; denied.

25. The statements contained in Paragraph 25 of the Plaintiff's Complaint relate to a legal conclusion to which RMG is under no known obligation to respond. To the extent that any response is required; denied.

- 5 -

26. The statements contained in Paragraph 26 of the Plaintiff's Complaint relate to a legal conclusion to which RMG is under no known obligation to respond. To the extent that any response is required; denied.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692e & 1692e(2)(A)**
**(against Defendant-DC)**

27. RMG incorporates by reference the above paragraphs of this Answer as if fully stated therein.

28. The statements contained in Paragraph 28 of the Plaintiff's Complaint relate to a legal conclusion to which RMG is under no known obligation to respond. To the extent that any response is required; denied.

29. The statements contained in Paragraph 29 of the Plaintiff's Complaint relate to a legal conclusion to which RMG is under no known obligation to respond. To the extent that any response is required; denied.

30. The statements contained in Paragraph 30 of the Plaintiff's Complaint relate to a legal conclusion to which RMG is under no known obligation to respond. To the extent that any response is required; denied.

31. The statements contained in Paragraph 31 of the Plaintiff's Complaint relate to a legal conclusion to which RMG is under no known obligation to respond. To the extent that any response is required; denied.

32. RMG denies the allegations contained in Paragraph 32 of the Plaintiff's Complaint.

33. RMG denies the allegations contained in Paragraph 33 of the Plaintiff's Complaint.

34. RMG denies the allegations contained in Paragraph 34 of the Plaintiff's Complaint.

35. RMG denies the allegations contained in Paragraph 35 of the Plaintiff's Complaint.

**COUNT II**
**VIOLATION OF FLA. STAT. §§ 559.72(9)**
**(against Defendant-DC)**

36. RMG incorporates by reference the above paragraphs of this Answer as if fully stated therein.

37. The statements contained in Paragraph 37 of the Plaintiff's Complaint relate to a legal conclusion to which RMG is under no known obligation to respond.  To the extent that any response is required; denied.

38. The statements contained in Paragraph 38 of the Plaintiff's Complaint relate to a legal conclusion to which RMG is under no known obligation to respond.  To the extent that any response is required; denied.

39. The statements contained in Paragraph 39 of the Plaintiff's Complaint relate to a legal conclusion to which RMG is under no known obligation to respond.  To the extent that any response is required; denied.

40. The statements contained in Paragraph 40 of the Plaintiff's Complaint relate to a legal conclusion to which RMG is under no known obligation to respond.  To the extent that any response is required; denied.

41. RMG denies the allegations contained in Paragraph 41 of the Plaintiff's Complaint.

42. RMG denies the allegations contained in Paragraph 42 of the Plaintiff's Complaint.

43. RMG denies the allegations contained in Paragraph 43 of the Plaintiff's Complaint.

**COUNT III**
**VIOLATION OF FLA. STAT. § 559.72(5)**
**(against Defendant-Creditor)**

44. RMG incorporates by reference the above paragraphs of this Answer as if fully stated therein.

45. The statements contained in Paragraph 45 of the Plaintiff's Complaint relate to a legal conclusion to which RMG is under no known obligation to respond. To the extent that any response is required; denied.

46. The statements contained in Paragraph 46 of the Plaintiff's Complaint relate to a legal conclusion to which RMG is under no known obligation to respond. To the extent that any response is required; denied.

47. The statements contained in Paragraph 47 of the Plaintiff's Complaint relate to a legal conclusion to which RMG is under no known obligation to respond. To the extent that any response is required; denied.

48. The statements contained in Paragraph 48 of the Plaintiff's Complaint relate to a legal conclusion to which RMG is under no known obligation to respond. To the extent that any response is required; denied.

49. RMG denies the allegations contained in Paragraph 49 of the Plaintiff's Complaint.

50. RMG denies the allegations contained in Paragraph 50 of the Plaintiff's Complaint.

51. RMG denies the allegations contained in Paragraph 51 of the Plaintiff's Complaint.

52. RMG denies the allegations contained in Paragraph 52 of the Plaintiff's Complaint.

53. RMG denies all remaining allegations contained in Plaintiff's Complaint not specifically admitted herein.

WHEREFORE, RMG prays that RMG be dismissed with prejudice; that judgment be granted to RMG and that the relief requested by Plaintiff be denied; that all costs be taxed to Plaintiff; and for such other and further relief as the Court deems just and proper.

**THE LAW OFFICES OF RONALD S. CANTER, LLC**

/s/ Ronald S, Canter
Ronald S. Canter, Esquire
Bar # 335045
200A Monroe Street, Suite 104
Rockville, Maryland 20850
Telephone: (301) 424-7490
Facsimile: (301) 424-7470
rcanter@roncanterllc.com
*Attorney for Defendant Receivable Management Group, Inc.*

**OF COUNSEL TO**
**BEDARD LAW GROUP, P.C.**

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the individual(s) listed below by Electronic Notification pursuant to ECF procedures on this 3rd day of December 2019 to:

Jibrael Hindi
The Law Offices of Jibrael S. Hindi
110 SE 6th St.
17th Floor
Fort Lauderdale, Florida 33301
jibrael@libraellaw.com

Joel Brown
The Fair Credit Law Group, LLC
2541 SW 27 Ave
Suite 300
Miami, Florida 33133
joelb@fclawgroup.com

Paul Herman
Consumer Advocates Law Group, PLLC
11A-560
4801 Linton Blvd.
Delray Beach, Florida 33445
Paherman1956@gmail.com

Thomas Patti, III
The Law Offices of Jibrael S. Hindi
110 SE 6th St.
17th Floor
Fort Lauderdale, Florida 33301
tom@jibraellaw.com

/s/ Ronald S. Canter
Ronald S. Canter, Esquire
*Attorney for Defendant Receivable Management Group, Inc.*