UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 19-24624-Civ-COOKE/GOODMAN**

JOSE LUIS ARREOLA,

    Plaintiff,

v.

RECEIVABLE MANAGEMENT
GROUP, INC., and INTELLIRAD
IMAGING, LLC,

    Defendants.
_____/

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, INTELLIRAD IMAGING, LLC ("Intellirad"), pursuant to Fed. R. Civ. P. 12(b) files this Answer and Affirmative Defenses to Plaintiff's Complaint [D.E. 4].

**JURISDICTION AND VENUE**

1. Paragraph 1 contains legal conclusions to which no response is necessary. Intellirad states that the referenced statutes speak for themselves, denies any allegations inconsistent with them, and does not contest jurisdiction in this Court.

2. Paragraph 2 contains legal conclusions to which no response is necessary; otherwise, denied.

3. Intellirad does not dispute that venue is proper, but denies any remaining allegations of Paragraph 3.

**PARTIES**

4. Intellirad admits that Plaintiff is a natural person, but is without knowledge of the remaining allegations of paragraph 4 and therefore denies them.

5. Intellirad is without knowledge of the remaining allegations of paragraph 5 and therefore denies them.

6. Intellirad is without knowledge of the allegations of paragraph 6 and therefore denies them.

7. Intellirad is without knowledge of the allegations of paragraph 7 and therefore denies them.

8. Intellirad admits the allegations of paragraph 8.

9. Intellirad is without knowledge of the allegations of paragraph 9 and therefore denies them.

## DEMAND FOR JURY TRIAL

10. Paragraph 10 contains Plaintiff's demand for a jury trial and requires no response.

## FACTUAL ALLEGATIONS

11. Intellirad is without knowledge of the allegations of paragraph 11 and therefore denies them.

12. Intellirad admits that it provided services to Plaintiff but denies the remaining allegations of paragraph 12.

13. Intellirad denies the allegations of paragraph 13.

14. Intellirad admits that it charges for its services but denies the remaining allegations of paragraph 14.

15. Intellirad is without knowledge of the allegations of paragraph 15 and therefore denies them.

16. Intellirad is without knowledge of the allegations of paragraph 16 and therefore denies them.

17. Intellirad is without knowledge of the allegations of paragraph 17 and therefore denies them.

18. Intellirad is without knowledge of the allegations of paragraph 18 and therefore denies them.

19. Intellirad is without knowledge of the allegations of paragraph 19 and therefore denies them.

20. Intellirad is without knowledge of the allegations of paragraph 20 and therefore denies them.

21. Intellirad is without knowledge of the allegations of paragraph 21 and therefore denies them.

22. Intellirad is without knowledge of the allegations of paragraph 22 and therefore denies them.

23. Intellirad is without knowledge of the allegations of paragraph 23 and therefore denies them.

24. Intellirad is without knowledge of the allegations of paragraph 24 and therefore denies them.

25. Intellirad is without knowledge of the allegations of paragraph 25 and therefore denies them.

26. Intellirad is without knowledge of the allegations of paragraph 26 and therefore denies them.

## COUNT I
## VIOLATION OF 15 USC §1692e & 1692e(2)(A)
**(against Defendant-DC)**

27. Defendant realleges and incorporates its responses to paragraphs 1-26 as though fully restated here.

28. Paragraph 28 contains legal conclusions to which no response is necessary. Intellirad states that the referenced statutes speak for themselves and denies any allegation inconsistent with them.

29. Paragraph 29 contains legal conclusions to which no response is necessary. Intellirad states that the referenced statutes speak for themselves and denies any allegation inconsistent with them.

30. Paragraph 30 contains legal conclusions to which no response is necessary. Intellirad states that the referenced statute speaks for itself and denies any allegation inconsistent with it or other applicable law.

31. Paragraph 31 contains legal conclusions to which no response is necessary. Intellirad states that the referenced statutes speak for themselves and denies any allegation inconsistent with them.

32. The allegations of paragraph 32 are not directed to Intellirad, but to the extent that any response is necessary, Intellirad denies the allegations of paragraph 32.

33. The allegations of paragraph 33 are not directed to Intellirad, but to the extent that any response is necessary, Intellirad denies the allegations of paragraph 33.

34. The allegations of paragraph 34 are not directed to Intellirad, but to the extent that any response is necessary, Intellirad denies the allegations of paragraph 34.

35. Intellirad denies that Plaintiff is entitled to the relief sought in the "wherefore" clause.

## COUNT II
## <u>VIOLATION OF FLA. STAT. §559.72(9)</u>
## (against Defendant-DC)

36. Intellirad realleges and incorporates its responses to paragraphs 1-26 as though fully restated here.

37. Paragraph 37 contains legal conclusions to which no response is necessary. Intellirad states that the referenced statute speaks for itself and denies any allegation inconsistent with it.

38. Paragraph 38 contains legal conclusions to which no response is necessary. Intellirad states that the referenced statute speaks for itself and denies any allegation inconsistent with it.

39. Paragraph 39 contains legal conclusions to which no response is necessary. Intellirad states that the referenced statute speaks for itself and denies any allegation inconsistent with it or applicable law.

40. Paragraph 40 contains legal conclusions to which no response is necessary. Intellirad states that the referenced statute speaks for itself and denies any allegation inconsistent with it.

41. The allegations of paragraph 41 are not directed to Intellirad, but to the extent that any response is necessary, Intellirad denies the allegations of paragraph 41.

42. The allegations of paragraph 42 are not directed to Intellirad, but to the extent that any response is necessary, Intellirad denies the allegations of paragraph 42.

43. Intellirad denies that Plaintiff is entitled to the relief sought in the "wherefore" clause.

## COUNT II
## VIOLATION OF FLA. STAT. §559.72(5)
### (against Defendant-Creditor)

44. Intellirad realleges and incorporates its responses to paragraphs 1-26 as though fully restated here.

45. Paragraph 45 contains legal conclusions to which no response is necessary. Intellirad states that the referenced statute speaks for itself and denies any allegation inconsistent with it.

46. Paragraph 46 contains legal conclusions to which no response is necessary. Intellirad states that the referenced statute speaks for itself and denies any allegation inconsistent with it.

47. Paragraph 47 contains legal conclusions to which no response is necessary. Intellirad states that the referenced statute speaks for itself and denies any allegation inconsistent with it or applicable law.

48. Paragraph 48 contains legal conclusions to which no response is necessary. Intellirad states that the referenced statute speaks for itself and denies any allegation inconsistent with it.

49  Intellirad denies the allegations of paragraph 49.

50. Intellirad denies the allegations of paragraph 50.

51. Intellirad denies the allegations of paragraph 51.

52  Intellirad denies that Plaintiff is entitled to the relief sought in the "wherefore" clause or any of its subparts.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Intellirad is not liable to Plaintiff because any violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid such error. *See* Fla. Stat. §559.77(3); 15 U.S.C. 1692k(c).

3. Intellirad did not engage in conduct that was deceptive, unfair or abusive.

4. Plaintiff suffered no damages, or at worst, suffered merely nominal damages as the result of receiving benign, if mistaken, correspondence. *See* Fla. Stat. §559.77(2). Even if Defendant's conduct had not been benign (it was), at the very most, Plaintiff's statutory damages are limited to $1,000.00 per action.

5. Plaintiff's claims are precluded as being within the exclusive jurisdiction of Florida Workers' Compensation Law, Florida Statutes §440.13(11)(c). *See Davis v. Sheridan Healthcare*, 2019 Fla. App. LEXIS 15461 (Fla. 2d DCA October 16, 2019), Black J. *dissenting.* Accordingly, this Court lacks jurisdiction over Plaintiff's claims.[1]

6. Plaintiff's claims should be barred or reduced by his failure to mitigate damages.

## CERTIFICATE OF SERVICE

I CERTIFY that on December 10, 2019, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
*Counsel for Intellirad Imaging, LLC*
110 SE 6th Street, Suite 2600
Fort Lauderdale, FL 33301
Telephone: 954.728.1280
Facsimile: 954.728.1282

BY: */s/ Marissa D. Kelley*
MARISSA D. KELLEY (FBN 379300)
marissa.kelley@lewisbrisbois.com
E-Service: ftlemaildesig@lewisbrisbois.com

---

[1] The Second District Court of Appeal has certified the question to the Florida Supreme Court whether 440.13(11)(c) precludes the circuit court's jurisdiction over claims under Section 559.77(1) of the Florida Consumer Collection Practices Act. *Id.*