UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-cv-24624

JOSE LUIS ARREOLA,

    Plaintiff,

v.

RECEIVABLE MANAGEMENT
GROUP, INC., and INTELLIRAD
IMAGING, LLC,

    Defendant.

_____/

## STATEMENT OF CLAIM

Plaintiff JOSE LUIS ARREOLA ("Plaintiff"), by and through undersigned counsel, files this Statement of Claim, and in support thereof, states the following:

Pursuant to Fla. Stat. § 440.13(13)(a), "[a] health care provider may not collect or receive a fee from an injured employee within this state, except as otherwise provided by this chapter. Such providers have recourse against the employee or carrier for payment for services rendered in accordance with this chapter." An employee is shielded from liability in any dispute between the employer or carrier and health care provider regarding reimbursement for the employee's authorized medical or psychological treatment. *See generally* Fla. Stat. § 440.13.

Defendant Receivable Management Group, Inc. ("Defendant-DC") is a business entity engaged in the business of soliciting and collecting consumer debts, and Defendant Intellirad Imaging, LLC ("Defendant-Creditor") is a provider of medical services. On or about May 10, 2018, Plaintiff suffered an accident and related injuries in the course and scope of Plaintiff's employment that required medical treatment and/or services (the "Medical Services"). At the time Defendant-Creditor provided and/or rendered its (Defendant-Creditor's) respective Medical

PAGE | **1** of **4**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Services to Plaintiff, Plaintiff informed Defendant-Creditor that the injuries for which Plaintiff required medical services, were due to an accident and subsequent injuries that occurred within the course and scope of Plaintiff's employment. Defendant-Creditor charged a fee for the provision of its (Defendant-Creditor's) respective Medical Services (the "Consumer Debt"), but instead of billing Plaintiff's employer and/or the appropriate insurance carrier, Defendant wrongfully referred the collection of the Consumer Debt to Defendant-DC, despite knowing that Plaintiff was not responsible for the payment of the Consumer Debt. Thereafter, Defendant-DC sent a collection letter, internally dated February 12, 2019, to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. See D.E. 1-3

## COUNT I – VIOLATION OF THE FDCPA

Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. As stated above, Defendant-DC mailed the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt. Here, Plaintiff is not liable or otherwise responsible for the payment of the medical services rendered by Defendant-Creditor, as such medical services were rendered to Plaintiff as a result of a work-related injury sustained by Plaintiff.

As such, by mailing the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt, Defendant-DC falsely misrepresented Plaintiff's obligation with respect to the Consumer Debt. For example, by and through the Collection Letter, Defendant-DC wrongfully causes the least sophisticated consumer to falsely believe that he or she was responsible for the repayment of the Consumer Debt. Thus, Defendant-DC violated § 1692e and § 1692e(2)(A) of the FDCPA by mailing the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt

PAGE | **2** of **4**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## COUNT II – VIOLATION OF THE FCCPA

Pursuant to § 559.72(9) of the FCCPA, in collecting consumer debts, no person shall: "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla Stat. § 559.72(9) (emphasis added). Here, Defendant-DC knew that the Consumer Debt was the result of an accident and injuries sustained by Plaintiff in the course and scope of Plaintiff's employment. Despite knowing that Defendant-Creditor did not have any entitlement or authority to collect the Consumer Debt from Plaintiff directly, Defendant-DC mailed the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt. Thus, Defendant-DC violated § 559.72(9) of the FCCPA by mailing the Collection Letter to Plaintiff.

## COUNT III – VIOLATION OF THE FCCPA

Pursuant to § 559.72(5) of the FCCPA, in collecting consumer debts, no person shall: "[d]isclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false." Fla Stat. § 559.72(5) (emphasis added). Here, despite knowing that it (Defendant-Creditor) did not have any entitlement or authority to collect the Consumer Debt from Plaintiff, Defendant-Creditor, nevertheless, referred the collection of the Consumer Debt to Defendant-DC, and in so doing, Defendant-Creditor knowingly disclosed to Defendant-DC information affecting Plaintiff's reputation that Defendant-DC did not have a legitimate business need for and/or information that was false. Thus, Defendant-Creditor violated § 559.72(5) of the FCCPA by referring the collection of the Consumer Debt to Defendant-DC for collection.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Dated: December 11, 2019

                              Respectfully Submitted,

                              /s/ Jibrael S. Hindi                              .
                             **JIBRAEL S. HINDI, ESQ.**
                             Florida Bar No.: 118259
                             E-mail:   jibrael@jibraellaw.com
                             The Law Offices of Jibrael S. Hindi
                             110 SE 6th Street, Suite 1744
                             Fort Lauderdale, Florida 33301
                             Phone:       954-907-1136
                             Fax:           855-529-9540

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on November 18, 2016, the forgoing was electronically via the Court's CM/ECF system on all counsel of record.

                              /s/ Jibrael S. Hindi                    ____
                             **JIBRAEL S. HINDI, ESQ.**
                             Florida Bar No.: 118259

PAGE | **4** of **4**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com